■ JOHNNA ZOBRO, Appellant, v STATE OF NEW YORK, Respondent.—Casey, J. Appeal from a judgment of the Court of Claims (Lowery, Jr., J.), entered February 6, 1986, which dismissed the claim.

Seeking to recover damages for injuries sustained as a result of an assault while she was a student at the State University of New York, Agricultural and Technical College at Canton in St. Lawrence County, claimant commenced this action against the State alleging negligence in the State's proprietary capacity as a landlord, negligent misrepresentation as to the safety of the dormitory where the assault allegedly occurred and breach of the warranty of habitability. At trial, the Court of Claims dismissed the latter two causes of action at the close of claimant's proof. After all proof had been submitted, the court dismissed the negligence cause of action, finding that claimant had failed to sustain her burden of proving that the assault occurred in her dormitory room.

On appeal, claimant raises a number of issues, only one of which merits extended discussion. Each of claimant's theories of liability arises out of claimant's allegations that inadequate security measures at the dormitory permitted claimant's attackers to gain access to her dormitory room. The proof at trial established that when claimant first reported the incident on the evening she was assaulted, she told campus security officers that she was physically assaulted outside the gymnasium, and a week later she gave a similar written report to the security officers. In a subsequent written statement, claimant stated that she was physically assaulted and sexually abused in her dormitory room. At trial, claimant admitted making the initial statements, but testified that she was, in fact, assaulted and sexually abused in her dormitory room. She explained that the prior inconsistent statements were made out of fear of reprisal from her attackers. Claimant's roommate, subpoenaed by the State, testified that she was in and out of the dormitory room on several occasions during the period of time when the attack was alleged to have occurred and that the room was neat and tidy each time she entered, with no sign of the type of struggle described by claimant. Applying the appropriate scope of review for nonjury trial cases (see, Arnold v State of New York, 108 AD2d

1021, 1023, *appeal dismissed* 65 NY2d 723), we see no basis for disturbing the Court of Claims resolution of the factual issue created by the conflicting evidence. Based upon this conclusion, we are of the view that the remaining issues raised by claimant are either academic or involve alleged errors that are harmless. The judgment, therefore, should be affirmed.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.